FILED '06 AUG 09 16:47 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 99-208-1-JO |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JAMES L. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FISERV SOLUTIONS, INC., | ) | |
| | ) | |
| Garnishee. | ) | |

Robert D. Nesler
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

   Of Attorneys for United States of America

James L. Smith
1001 Monroe Way
Superior, CO 80027-8181

   Defendant Pro Se

JONES, Judge:

This case is before the court on defendant's request for hearing (# 29) with respect to a recent garnishment and motion to, in essence, reduce his restitution[1] (# 31). Both motions are denied.

On October 14, 1999, I sentenced defendant to five years' probation and ordered him to pay a total of $190,000 in restitution in varying amounts to six individuals, payable in installments of $150/month to the Clerk of the Court. He has made some payments, and now owes $135,239.47 ($81,077.80 in principal and $54,181.67 in interest). Interest has accrued at the rate of 5.411% since October 29, 1999, 15 days after entry of the judgment.

Recently, the government garnished defendant's current employer. The garnishee answered, showing that defendant has net biweekly wages of $5,723 (he earns approximately $200,000 per year). Defendant objected to the garnishment and, in June 2006, filed a request for a hearing (# 29). On July 6, 2006, he filed his motion with respect to the amount of the garnishment and other issues (# 31).

Apart from some vague arguments concerning whether he now owes any restitution at all, defendant asks me to do several things. These are: (1) quash the interest portion of the balance, and waive all future interest; (2) reduce the amount garnished from his wages (he asks for $750); and (3) defer further payment of restitution for 90 days.

---

[1] The motion actually is captioned: "Motion to Petition this Court to Grant Petitioner a Reduction in the Monthly Garnishment Amount and to Either Waive or Quash Petitioner's Interest with Regards to the Restitution with Respect to the Above Referenced Case."

2 - ORDER

Defendant asserts that he should be granted this accommodation because he believed no interest would accrue, and that he "is under extreme hardship by payment [of] almost $3,000 ($2,861.50) in restitution per month" and "is having difficulties making his basic living expenses." Petition, p. 2.

The government opposes defendant's requests, pointing out that pursuant to 18 U.S.C. § 3612(f), interest accrues on restitution in excess of $2,500 unless paid in full within 15 days of judgment or the court orders that interest be waived pursuant to section 3612(f)(3) based on defendant's inability to pay. The government continues that "[h]ere defendant did not make a motion to waive interest and his current economic circumstances demonstrate that he definitely can afford to pay interest. He is employed making in excess of $7,692 every two weeks." Response to Request for Hearing, pp. 3-4. Thus, the government urges me to deny the request for hearing and enforce the writ of garnishment in full[2] effective as of the date the government served defendant's employer.

The pleadings reflect that defendant has substantial earnings, and he has not demonstrated an inability to pay interest. Consequently, there is no persuasive basis on which to grant his

---

[2] The government may garnish "25 percent of disposable earnings." 28 U.S.C. § 3002(9). Thus, of defendant's disposable, biweekly wages of $5,723, the government is entitled to garnish $1,430.75 each pay period, leaving defendant approximately $9,300 per month on which to live.

3 - ORDER

requests. Accordingly, defendant's request for hearing and motion to petition the court (## 29, 31) are DENIED and the garnishment is enforced in full.

IT IS SO ORDERED.

DATED this 7ᵗʰ day of August, 2006.

                                  ROBERT E. JONES
                                  U.S. District Judge